UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PAUL L. HAWKINS, | ) | |
| No. 366212, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:17-cv-01127 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| METROPOLITAN GOVERNMENT | ) | |
| NASHVILLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Paul L. Hawkins, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Metropolitan Government Nashville/Davidson County, Tennessee, Justin Chisolm, Warden Todd Thomas, and Dr. f/n/u Bridges, alleging violations of the Plaintiff's civil and constitutional rights. (Docket No. 1). As relief, the Plaintiff seeks injunctive relief and damages. (*Id.* at 6). The plaintiff supplemented his complaint on August 15, 2017 (Docket No. 4) and on September 20, 2017 (Docket No. 6).

The Plaintiff's complaint as amended is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

1

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, on August 26, 2015, a Nashville police officer entered the plaintiff's home without a warrant and without the consent of the plaintiff and arrested the plaintiff. On August 31, 2015, the Metropolitan Government of Nashville/Davidson County, Tennessee transferred the plaintiff to the custody of Core Civic. The plaintiff believes that this transfer was illegal.

In March of 2016, the plaintiff developed severe itching. The plaintiff sought and received antibiotic treatment for the itching by a member of the Core Civic medical staff. However, the itching did not improve, and the plaintiff sought additional medical treatment. The staff physician gave the plaintiff a lotion and Benadryl and, when the plaintiff's symptoms still did not improve, the staff physician gave the plaintiff a steroid pill. According to the complaint, the staff physician had never examined the Plaintiff up to this point. The plaintiff's itching continued, and the staff physician performed a lab test of the plaintiff's blood. After receiving the lab results, the staff physician discontinued treatment of the plaintiff, although the Plaintiff's itching intensified. The complaint alleges that, at this time, the Plaintiff "feared that his life was about to come to an end."

3

(Docket No. 1 at p. 17). Later, the staff physician prescribed the lotion and Benadryl again to the plaintiff.

The plaintiff was told by the sick call nurse and the staff physician that the plaintiff did not have scabies or bed bugs; a nurse told the plaintiff that he was suffering from some type of allergic reaction. When the plaintiff was examined again, the staff physician prescribed the plaintiff hydroxyzine, an antihistamine, and an anti-anxiety pill. The plaintiff filed a grievance concerning his medical treatment, and Warden Todd Thomas determined that the plaintiff had been given proper medical treatment. In the meantime, the plaintiff procured treatment for scabies on "the inmate black market" and his itching resolved.

On March 13, 2017, the plaintiff wrote a letter to the Tennessee Board of Parole stating that he was being illegally housed at Core Civic's Metro-Davidson Detention Facility. He subsequently wrote to the Tennessee Department of Correction, voicing the same concern, and initiated institutional grievances challenging the legality of his confinement at the Core Civic facility.

The complaint also alleges that the plaintiff has been "forced to have a job" while incarcerated at the Core Civic facility "without receiving any type of compensation for this forced labor." (Docket No. 1 at pp. 7-20).

## IV. Analysis

First, the complaint names as a defendant Justin Chisolm, a Nashville police officer involved in the alleged warrantless entry of the plaintiff's home in 2015. (Docket No. 1 at 5). The plaintiff cannot pursue any claims for actions or inactions that fall outside of the governing statute of limitations period. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises."

4

*Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown,* 289 Fed. Appx. 114, 116 (6th Cir. 2008).

The complaint was signed on August 1, 2017. (Docket No. 1 at 6). Thus, all § 1983 claims arising from events that occurred prior to August 1, 2016, are time barred under the governing one-year statute of limitations. The events giving rise to the plaintiff's Fourth and Fourteenth Amendment claims against Chisolm occurred on or near August 26, 2015. (Docket No. 1 at 5). Therefore, those claims must be dismissed.

Second, the complaint alleges that defendant Metropolitan Government Nashville/Davidson County, Tennessee, illegally transferred the plaintiff to the custody of Core Civic. This claim challenges the legality of the plaintiff's confinement and therefore is not appropriately pursued by way of a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512

U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The plaintiff's claims concerning the validity of his continued confinement at the Core Civic facility would be more appropriately brought in a separate petition for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed <u>without prejudice</u>, should the plaintiff wish to pursue them via the appropriate legal route.[1]

The complaint also alleges that actions of Core Civic and the Metro-Davidson County Detention Facility staff with regard to the handling of the scabies outbreak at its facility constituted cruel and unusual punishment. (Docket No. 1 at p. 20). The Eighth Amendment to the United States Constitution imposes upon a county an obligation to provide its inmates with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984).

The court takes judicial notice of the fact that the Metro-Davidson County Detention Facility

---

[1] A review of the Court's docket reveals that, in 2016, the plaintiff filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2241 in this court. *See Hawkins v. Todd Thomas*, No. 3:16-cv-00901 (M.D. Tenn. 2016)(Trauger, J.). The petition alleged that Hawkins was confined in the Core Civic facility in the absence of due process and in violation of his constitutional rights – the same arguments raised herein regarding the same facts, albeit in a § 1983 complaint. In the habeas action, by order and accompanying memorandum entered on January 10, 2017, the court granted the respondent's motion to dismiss and dismissed the petition, finding that Hawkins had failed to exhaust his state-court remedies and had failed to show the existence of extraordinary circumstances to overcome the presumption that the federal court should not interfere with pending state criminal proceedings. (Docket No. 28 at p. 8). Here, in dismissing the plaintiff's claims concerning the validity of his confinement without prejudice, the court makes no representations as to any applicable statutes of limitations or exhaustion issues.

experienced an outbreak of scabies in 2016 and 2017.[2] The outbreak of an infectious condition creates an unhealthy environment. *See Charles Norris v. Core Civic Inc.*, No. 3:17-cv-01150 (M.D. Tenn. Sept. 7, 2017)(Crenshaw, J.)(Doc. No. 5 at 3); *Darnell v. Vaughn*, No. 3:17-cv-01146 (M.D. Tenn. Sept. 18, 2017)(Trauger, J.)(Doc. No. 6 at 2-3).

Here, although the plaintiff did not list Core Civic or the Metro-Davidson County Detention Facility medical staff in the "Defendants" section of his complaint (Docket No. 1 at pp.2-3), the complaint clearly alleges that Core Civic, a Nashville-based private prison company, and the facility medical staff are responsible for the violation of the plaintiff's Eighth Amendment rights. (*Id.* at p. 20). With regard to Core Civic, because it performs a traditional state function in operating a state prison, Core Civic acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). However, unlike the state, Core Civic is not entitled to Eleventh Amendment immunity and may be liable under § 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 Fed. Appx. 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Core Civic liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818. Liability for failure to screen incoming inmates for scabies, failure to control the facility scabies outbreak, failure to treat inmates properly for their scabies infestations, and retaliation against inmates who complained about scabies attaches only if

---

[2]*See* Nick Caloway, *Scabies Outbreak Spreads to Men's Jail; Lawsuit Filed Against Contractor*, http://wkrn.com/2017/06/12/scabies-outbreak-spreads-to-mens-jail-lawsuit-filed-against-contractor/

Core Civic's policies were shown to be the "moving force" behind the plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989). Here, liberally construing the *pro se* complaint, the plaintiff alleges that Core Civic's policies, including those policies concerning the inadequate treatment of scabies-infested inmates, are responsible for the plaintiff's injuries. Of course, what the plaintiff claims are policies may not be policies and may not have resulted in the deprivation of the plaintiff's constitutional rights. However, these particulars can be sorted out during the development of this case. For purposes of the initial screening of the plaintiff's claims against Core Civic required by the PLRA, the court finds that the complaint states non-frivolous Eighth Amendment claims against Core Civic related to the 2016-17 scabies outbreak at the Metro-Davidson County Detention Facility in Nashville, Tennessee.

With regard to the plaintiff's Eighth Amendment cruel and unusual punishment claims against unidentified Metro-Davidson County Detention Facility medical staff, those claims also survive the PLRA screening. Although designation of "John Doe" or "Jane Doe" defendants is disfavored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" or "Jane Doe" Defendants (the unnamed facility medical staff members) at this juncture because of the likelihood that the identities of these defendants will be determined during discovery.

Next, the complaint alleges that defendant Dr. f/n/u Bridges did not provide appropriate medical treatment to the plaintiff for scabies. Although there is some overlap, this claim is separate and distinct from the plaintiff's claim that the failure to handle (including the denial of) a facility

8

scabies outbreak constitutes cruel and unusual punishment of the affected inmates. To establish a violation of his Eighth Amendment rights resulting from the medical care provided or a denial of medical care, a plaintiff must show that defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter,* 175 F.3d 378, 401 (6th Cir. 1999).

Here, the court assumes for the purposes of the PLRA screening that scabies constitutes a "serious medical need." *Rouster*, 749 F.3d at 446. Although the complaint alleges that defendant

Bridges provided the plaintiff with medical care for his symptoms over the course of several months, the underlying premise of the complaint is that defendant Bridges as well as the other defendants knew or at least suspected there was an outbreak of scabies at the Metro-Davidson County Detention Facility and the defendants willfully refused to acknowledge the outbreak, refused to treat the affected inmates properly or at all, and refused to address and contain the outbreak. These allegations, "if true, would show that the [defendants] being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [the defendants] did in fact draw the inference, and that [the defendants] then disregarded that risk." *Rouster*, 749 F.3d at 446. Therefore, the court finds that the complaint's allegations against defendant Bridges survive the PLRA screening and will proceed for further development of the record.

The complaint also takes issue with the Warden's response or lack of response to the plaintiff's grievances concerning his medical treatment and continued detention at the Core Civic facility. Although the plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's claims based on any defendant's failure to respond to plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

Finally, the complaint alleges that the defendants are violating the plaintiff's federal constitutional rights because he is "forced" to work while incarcerated and receives no compensation for his labor. (Docket No. 1 at p. 20). Prisoners have no constitutional right to a particular job, or to any job at all for that matter. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Bishop v. Wood*, 426 U.S. 341 (1976); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Rather, prison administrators may assign inmates jobs and wages at their discretion. *Miller v. Campbell*, 108 F. Supp.2d 960, 967 (W.D. Tenn. 2000). "As the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Id.* (citations omitted). Because the plaintiff does not have a constitutional right to any job at all while incarcerated or to wages for work performed while incarcerated, this allegation fails to state a claim upon which relief can be granted.

## V.    Conclusion

Having screened the complaint under the PLRA, the court finds that all claims will be dismissed except as follows: the plaintiff's Eighth Amendment cruel and unusual punishment claims under § 1983 against Core Civic and the Metro-Davidson County Detention Facility medical staff and the plaintiff's Eighth Amendment deliberate indifference to serious medical need claims under § 1983 against Dr. Bridges. These claims survive the required PLRA screening and shall proceed for further development. 28 U.S.C. § 1915A.

An appropriate order will be entered.

ENTER this 22nd day of November 2017.

Aleta A. Trauger
United States District Judge